**UNITED STATES of America,**
**Appellee,**

v.

**Norman WESLIN, Appellant.**

**Docket No. 01–1568.**

United States Court of Appeals,
Second Circuit.

May 23, 2002.

John J. Molloy, West Seneca, NY, for Appellant.

Paul Campana, Buffalo, NY, (Kathleen M. Mehltretter, United States Attorney for the Western District of New York, Mark Gromis, on the brief), for Appellee.

Present VAN GRAAFEILAND, JACOBS, and CALABRESI, Circuit Judges.

*SUMARRY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Father Norman Weslin appeals from his conviction following a bench trial of four counts of criminal contempt (in violation of 18 U.S.C. § 403(3)). The prosecution arose out of Weslin's noncompliance with a preliminary injunction order, which barred his presence from a 60–foot buffer zone at the entrance to an abortion clinic. We affirm for substantially the reasons stated in Judge Arcara's Decision and Order. *United States v. Weslin,* 01–CR–002A (W.D.N.Y. July 18, 2001).

On appeal, Weslin argues principally that he lacked subjective intent to violate the preliminary injunction because there is an ambiguous provision in the injunction that can be construed to allow his conduct, i.e., his kneeling in prayer within the 60 foot buffer zone. The clause specifies that "except as set forth herein, nothing in this Order shall be construed to limit defendants ... from exercising their legitimate rights under the First Amendment." *Weslin,* 01–CR–002A, at *14.

According to Weslin, he thought it an exercise of his legitimate rights to enter the 60–foot boundary to pray, and in support he cites our opinion—which was issued post-conviction (following a separate challenge by other persons subject to the same injunction)—that the 60–foot zone was unconstitutional, and that a pre-existing 15–foot zone should be reinstated. *Spitzer v. Operation Rescue National,* 273 F.3d 184, 204–05 (2d Cir.2001). The issue on appeal is whether this clause relieved Weslin of the duty to comply unless and until any over-breadth in the injunction itself is cured on appeal. *See Walker v. City of Birmingham,* 388 U.S. 307, 320–21, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967) (holding that under collateral bar rule

court order must be obeyed until judicially invalidated).

There is no doubt, however, that the defendant (with notice) violated the injunction's unambiguous and categorical prohibition against Weslin's presence

> in or on any portion of the sidewalk or curb on the west side of Main Street inside a buffer zone measured from 60 feet from the southern edge of the driveway entrance to the facility and 58 feet from the northern edge of the building of the facility.

*Weslin,* 01–CR–002A, at \*7. It has been found that Weslin was within this zone; he does not deny it, and he does not deny that he knew it when he did it. The "except as" clause on which Weslin relies may be confusing (and circular), but it does not sanction conduct violative of the injunction even if that conduct is otherwise a valid exercise of First Amendment rights. The clause says no more than that the preliminary injunction should be "construed" in a way consistent with those rights. It is impossible to see, however, how the words "60 feet" can be "construed" to mean anything less than 60 feet.

---

\* Of the United States District Court for the Southern District of New York, sitting by designation.